<div style="margin-left-note">SMELSER<br>v.<br>BLANCHARD.</div>

terms were different, viz, one-fourth cash, and the remainder on a credit of six months.

The sale, then, was void, for want of an order of sale. *Robert v. Brown,* 14 An. 597.

But it is supposed that the receipt of the price by the executrix, amounts to a ratification of the sale.

The executrix being invested by law with powers of administration only, could not ratify a sale void for want of an order to sell, and the tender of the price as a prerequisite to the action, does not seem in the present case to be absolutely essential, as an account is to be adjusted between the parties. *Robert v. Brown,* 14 An. 597.

The appellee prays for an amendment of the judgment by reducing the amount allowed by the District Judge for insurance, taxes, &c., &c., by striking therefrom the premiums paid for insurance. The clause in the lease is somewhat ambiguous, but as the policies of insurance taken out by the defendant could not have benefited the succession in the event of the distruction of the houses built by *Smelser,* to which this clause in the lease appears to refer, we think the amount of the premiums, viz, one hundred and sixty-two dollars, less one dollar, the price of the lease, ought to be deducted from the $556 27, allowed by the District Judge. See *Farrell v. Klumpp,* 13 An. 311.

We attach no importance, it will be perceived, to the unfounded allegations that the agents of the plaintiff were unfaithful, and rest the case upon very different grounds.

The affirmance of the judgment will only settle the right of the parties to the date of judgment appealed from.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be amended, by reducing the sum allowed the defendant from $556 27, to the sum of three hundred and ninety-five dollars and twenty-seven cents, and that the judgment, so amended, be affirmed; the appellant paying the costs of appeal—and that the rights of the parties accrued or acquired since the date of the judgment of the lower court be reserved to them.

BUCHANAN, J., took no part in the decision of this case.

---

A. BROTHER, Syndic, *v.* DENNIS CRONAN.

*Although the vendee may have good cause for suspending the payment of the price, in order to relieve himself from the payment of interest, which was stipulated, he is required to make a deposit of the price.*

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Benjamin, Bradford & Finney,* for plaintiff. *J. McConnell,* for defendant and appellant.

DUFFEL, J. The defendant contends that he owes no interest on the price of the land by him acquired at the public sale of *Peter Conrey's* estate, pending his suit against the *Succession of McDonogh et al.,* reported in 12 An. 269.

It is true, that if the buyer has just reason to fear that he shall be disquieted in his possession, (and it is admitted that such fear did in this instance exist,) he may suspend the payment of the price. C. C. 2535. But even in such a case,

the vendee, in order to relieve himself from the payment of interest, is required to make a deposit of the price.  C. C. 2536, 2537.

The fact that the syndic in the suit against *McDonogh et al.*, sought to have the adjudication declared null, did not authorize the plaintiff to keep both the price and the property; had the purchaser accepted the deed of sale and complied with the terms and conditions of the public adjudication, no such demand would have been made.  C. C 2539.

It is no answer, that the land in question produced no fruit; in the first place, because the payment of interest was stipulated; and in the second place, because real, or landed property, is always susceptible of producing fruits.  C. C. 2531; *Caldwell* v. *His Creditors*, 9 La. 267; Acts of 1852, p. 95.

Judgment affirmed, with costs.

LAND, J., absent.